FILED

July 8, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 12:11 PM



# COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| ALICE HOBAUGH-MENDEZ, | ) | |
| Employee, | ) | Docket No.: 2014-05-0027 |
| | ) | |
| v. | ) | State File No.: 71599-2014 |
| | ) | |
| SUNOCO/TIGERMARKET | ) | Date of Injury: AUGUST 12, 2014 |
| SOUTHSIDE | ) | |
| OIL, | ) | |
| | ) | Judge: BAKER |
| Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ACE AMERICAN INS. CO. | ) | |

## ORDER OF DISMISSAL

THIS CAUSE came before the undersigned Workers' Compensation Judge on the Motion to Dismiss filed by Sunoco/Tigermarket/Southside Oil (Tigermarket). The Court conducted the hearing by telephone. Attorney David Deming represented Tigermarket at the hearing. Alice Hobaugh-Mendez (Ms. Mendez) participated without an attorney.

The Court issued an Order on June 16, 2015. In that order, the Court stated that it would grant Tigermarket's Motion if Ms. Mendez failed to file a response by June 29, 2015. If she filed a response, the Court would hear argument on the Motion on July 15, 2015. Ms. Mendez failed to file a response. Because Ms. Mendez failed to file a response, and for the reasons set forth below, the Court grants Tigermarket's Motion and dismisses Ms. Mendez's claim.

## HISTORY OF THE CLAIM

Ms. Mendez filed a Petition for Benefit Determination on November 12, 2014, seeking benefits for an injury that she suffered August 12, 2014, when she slipped and fell at work. On January 20, 2014, Ms. Mendez requested an Expedited Hearing for medical and temporary disability benefits.

Following an in-person hearing, the Court issued an Expedited Hearing Order on March

4, 2015, denying Ms. Mendez's request for temporary disability and medical benefits. In the Order, the Court deemed Ms. Mendez's claim noncompensable based on the Court's finding that a special hazard did not contribute to her fall.

On March 18, 2015, Tigermarket filed a Motion to Dismiss pursuant to Mediation and Hearing Procedure Rule 0800-02-21-.14(3) (hereinafter referred to as "Rule .14(3) motion"). Tigermarket sent a copy to Marc Walwyn, the attorney representing Ms. Mendez at that time.

The Court set the Motion to Dismiss for a telephonic hearing on May 12, 2015. At the hearing, the Court granted Attorney Walwyn's Motion to Withdraw as counsel for Ms. Mendez. Ms. Mendez asked for a continuance to secure new representation and file a response. The Court continued the Motion to Dismiss hearing until June 15, 2015, and gave Ms. Mendez until June 8 to file a response. Ms. Mendez failed to file a response.

At the June 15 hearing, Ms. Mendez told the Court that she had secured counsel but that her new counsel sent her a letter on June 11, 2015, informing her he would not accept her case. Ms. Mendez explained that the she thought her counsel had filed a response and did not know about the declination until after the response deadline passed. Ms. Mendez's new counsel did not file a notice of appearance. Considering the circumstances, the Court ordered the following:

1. Sunoco's motion is reset for July 15, 2015, at 10:00 a.m. (CDT). At that time, the Court will reconvene via teleconference to consider the Motion to Dismiss. The parties must dial (615) 741-2113 to participate. Failure to participate may result in the Court deciding the motion without input from the non-participating party.

2. Ms. Hobaugh-Mendez shall have until June 29, 2015, to file and serve a response to Sunoco's Motion to Dismiss. Sunoco may file and serve its reply, if any, no later than 5:00 p.m. on July 8, 2015.

3. Failure of Ms. Hobaugh-Mendez to file a response to Sunoco's Motion to Dismiss by June 29, 2015, will result in dismissal of the claim.

As of the date of this order, Ms. Mendez has not filed a response and no attorney has entered an appearance on her behalf.

## Issue

Whether the Court should dismiss Ms. Mendez's claim for workers' compensation benefits.

## Tigermarket's Contention

Tigermarket argues that Ms. Mendez cannot carry her burden of proving that she suffered a compensable workers' compensation claim because the Court has already reviewed the evidence and deemed her claim noncompensable.

**Findings of Fact and Conclusions**

Rule 0800-02-21-.14(3) of the Mediation and Hearing Procedures of the Bureau of Workers' Compensation provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to dismiss the claim. The rule states that the injured employee shall file a response to the employer's dismissal motion within thirty (30) days after its filing and, thereafter, the Court shall set the motion for a hearing. Ms. Mendez did not file a response within the extended response period provided her by the Court.

Tennessee Code Annotated section 50-6-239(c)(1) (2014) provides that the Tennessee Rules of Civil Procedure govern all procedures before the Court of Workers' Compensation Claims, "unless an alternate procedural . . . rule has been adopted by the administrator." Section 50-6-239(c)(1) (2014) further provides that "[w]henever the administrator has adopted an alternate procedural . . . rule that conflicts with the Tennessee Rules of Civil Procedure . . . the rule adopted by the administrator shall apply."

Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim which, by definition, is tied to a procedure—an Expedited Hearing—that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by section 50-6-239(c)(1) (2014) and that the determination of a Rule .14(3) motion is not governed by the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure.

By definition, a Rule .14(3) motion may be filed only after the Court denies a claim on the grounds of compensability following an Expedited Hearing. Implicit in finding of noncompensability at the Expedited Hearing is a determination that the evidence did not establish that the injured worker would likely prevail at a Final Compensation Hearing. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force an injured worker to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. If, in response to the employer's Rule .14(3) motion, the injured worker does not resolve the evidentiary inadequacies in his or her claim or articulate a clear and present intent to do so, the consequence is dismissal of the injured worker's claim.

Tennessee Code Annotated section 50-6-239(c)(6) (2014) provides that "[a]t a hearing the employee shall bear the burden of proving each and every element of the claim . . . ." Tigermarket's Rule .14(3) motion brings before the Court the issue of whether Ms. Mendez can carry her burden of proving that her injury arose primarily out of her employment.

The Workers' Compensation Law defines "injury" as follows:

"Injury" or "personal injury" mean an injury by accident . . .

arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment of the employee; provided, that:

> (A) An injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment . . . [.]

Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-102(13)(B) (2014). Tennessee Code Annotated section 50-6-239(c)(6) (2014) provides that "[u]nless the statute provides for a different standard of proof, at a hearing, the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."

At the Expedited Hearing, Ms. Mendez testified that her left foot caught in a grout line causing her ankle to "roll," which resulted in her falling to the floor. The Court reviewed the surveillance video of the incident and found that the video did not show a special hazard—in this case an irregularity in the floor—as described by Ms. Mendez. The Court found that the video showed no visible cracks in the floor. The video also showed people working in the area where Ms. Mendez fell. The Court observed that their actions did not indicate the presence of a special hazard. Instead, the video showed Ms. Mendez rolling her ankle for no apparent reason and falling to the ground. At the hearing, Ms. Mendez testified that other workers had complained about the condition of the floor. However, Ms. Mendez did not call any of these workers to testify and did not provide affidavits.

"Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle or step, in addition to the injured employee's ambulation." *Wilhelm v. Krogers*, 235 S.W.3d 122, 128-29 (Tenn. 2007). Because Ms. Mendez slipped and fell while walking, without interference from a special hazard, the Court deemed her claim noncompensable. Subsequent to the Court's ruling, Tigermarket filed the Rule .14(3) motion.

As stated above, Tigermarket's motion forced Ms. Mendez to address the above-described evidentiary inadequacy by presenting additional evidence to prove that a special hazard caused her to fall. Ms. Mendez has failed to present or cite any additional proof, such as affidavits or probable testimony from coworkers that might prove the existence of a special hazard. In fact, Ms. Mendez failed to even respond to Tigermarket's motion. For these reasons, the Court finds that Ms. Mendez cannot prove that her accident arose out of her employment with Tigermarket. Accordingly, the Court finds Tigermarket's Motion well-taken and dismisses Ms. Mendez's claim. Rule .14(3) does not mandate whether a dismissal thereunder is with or without prejudice. The Court dismisses Ms. Mendez's claim without prejudice.

**IT IS, THEREFORE, ORDERED** as follows:

1.    Ms. Mendez's claim for benefits under the Tennessee Workers' Compensation Act is dismissed without prejudice.

2.    The hearing set for July 15, 2015, is cancelled.

3.    The Court assesses the $150 filing fee in this claim to Tigermarket and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation, for which execution may issue as necessary. Tigermarket or the carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims.

4.    **Unless an appeal of is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty (30) days.**

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 8th DAY OF JULY, 2015.

_____
Joshua Davis Baker, Judge
Court of Workers' Compensation Claims

Right to Appeal:

Tennessee Law allows any party who disagrees with this Order of Dismissal to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.    Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2.    File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3.    Serve a copy of the Request for Appeal upon the opposing party.

4.    The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of

Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 8th day of July, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|-----------|-----------|---------------|
| **David Deming** | | | | | **X** | **ddeming@manierherod.com** |
| **Alice Hobaugh-Mendez** | | | | | **X** | **alicehobaugh@gmail.com** |

_____

**Penny Patterson-Shrum, Clerk**
**Tennessee Court of Workers' Compensation Claims**
**WCCourt.Clerk@tn.gov**